IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-02199-SKC-TPO

MARIA TRINIDAD LIZARRAGO DEL CASTILLO, *et al.*,

    Plaintiffs,

v.

ESTATE OF DON FEHD, *et al.*,

    Defendants.

**ORDER RE: MOTIONS TO DISMISS (DKTS. 49, 74 & 83) AND
MOTION TO CHANGE VENUE (DKT. 63)**

This matter arises from a tragic automobile accident. Diana Karina Robles Lizarraga and Ofelia Perez were on a Jeep tour near Ouray, Colorado, being driven by Don Fehd when the Jeep left the roadway and rolled multiple times until coming to rest at the bottom of a canyon. No one in the Jeep survived. Ms. Robles' parents, Plaintiffs Maria Trinidad Lizarraga Del Castillo and Martin Roman Robles, and Ms. Perez's spouse, Plaintiff Juan Perez (together, "Plaintiffs"), sued the Jeep tour company, Colorado West Jeep Rentals, Inc., its four alleged owners ("Owner Defendants"), and the estate of the Jeep driver.

Judy Lindberg, one of the Owner Defendants, filed a Motion to Dismiss (Judy MTD) (Dkt. 49). Plaintiffs filed a Response (Dkt. 52), and Judy filed a Reply

(Dkt. 60).[1] Kathy Lindberg, another of the Owner Defendants, also filed a Motion to Dismiss (Kathy MTD) (Dkt. 74). And Gary Lindberg, another of the Owner Defendants, also filed a Motion to Dismiss (Gary MTD) (Dkt. 83). The fourth Owner Defendant, Jeff Lindberg, has apparently not yet been served.

In addition to the three Motions to Dismiss, Defendants Colorado West Jeep Rentals, Inc., the Estate of Don Fehd, and Judy filed a Motion to Change Venue (Dkt. 63) seeking to change where in Colorado the anticipated trial will be held—from Denver to either Durango or Grand Junction.

The Court has reviewed the briefing, the docket, and the relevant law pertaining to these motions. No hearing is necessary. The Court has jurisdiction under 28 U.S.C. § 1332.

### A. Judy MTD

#### 1. Legal Principles of Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as

---

[1] Because multiple Defendants have the surname Lindberg, the Court sometimes refers to them by their first names for brevity and clarity.

a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up).

The *Twombly/Iqbal* pleading standard first requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* In this analysis, courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### 2. Analysis

The Judy MTD argues the Court should dismiss her from this matter because the Plaintiffs have failed to allege sufficient factual allegations to warrant piercing the corporate veil of Colorado West Jeep Rentals to reach Judy. *See generally* Dkt. 49. Plaintiffs say they are not seeking to hold Judy liable based on veil-piercing, but instead, they seek to hold her personally liable for her own individual acts. Dkt. 52. Judy argues in reply that the Complaint fails to allege sufficient and specific acts committed by her to plausibly allege her personal liability. *See generally* Dkt. 60. The Court agrees with Judy.

The problem for Plaintiffs on their claims for relief against Judy is they group pleaded their allegations. *See Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) (group pleading violates Rule 8). Nowhere does the Complaint allege facts regarding Judy's specific acts or omissions that resulted in these deaths, which causes the allegations involving her to be merely conclusory. Without more by way of factual allegations involving Judy specifically, the Complaint fails to allege plausible claims against her. The Judy MTD is granted on this basis, without prejudice.

### B. Kathy and Gary MTDs

While Kathy and Gary each also filed motions to dismiss (Dkts. 74, 83), the Court orders these motions stricken for failing to comply, *inter alia*, with SKC Civ. Practice Standard § 10.1(c)(1) (page limit of a Rule 12(b) motion is 15 pages).

### C. Venue Motion

Certain Defendants filed the Venue Motion asking the Court to change venue from Denver to Durango or Grand Junction for purposes of the trial. Dkt. 63. The motion is denied. The United States District Court for the District of Colorado is a single judicial district. Its Local Rules of Practice do not contain rules allowing for a "change of venue" within the district. If the trial were to be held in Grand Junction or Durango, this matter would not be transferred to the district judge stationed in that area. Rather, the undersigned would remain the presiding judge and he and his staff would travel to conduct and preside over the trial in a different locale.

As a result, the request to hold the trial elsewhere is premature. Defendants may raise the issue at the Final Pretrial Conference should they still desire the trial to be held in Grand Junction or Durango.

*   *   *

For the reasons shared above, the Court ORDERS the following:

1. the Judy MTD (Dkt. 49) is GRANTED and the claims against Judy are DISMISSED, WITHOUT PREJUDICE;

2. the Kathy MTD (Dkt. 74) is STRICKEN;

3. the Gary MTD (Dkt. 83) is STRICKEN;[2] and

4. the Venue Motion (Dkt. 63) is DENIED, WITH PREJUDICE.

DATED: April 25, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

---

[2] Should any motions to dismiss be re-filed, for efficiencies sake, those defendants should consider filing a single motion rather than separate motions for each defendant. *See, e.g.,* Fed. R. Civ. P. 1. The parties are further reminded to familiarize themselves with, *inter alia,* the Local Rules of Practice, SKC Civil Practice Standards, and SKC Standing Order for Civil Trials so they can avoid, *e.g.,* using an incorrect font. *See, e.g.,* Dkts. 49 & 52.